FILED
United States Court of Appeals
Tenth Circuit

February 18, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FIDELITY & GUARANTY LIFE
INSURANCE COMPANY,

Plaintiff - Appellee,

v.

PATRICIA LITCHFIELD; LONNIE
WILLIAM LITCHFIELD,

Defendants - Appellants.

No. 14-6147
(D.C. No. 5:13-CV-01040-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

---

Fidelity & Guaranty Life Insurance Co. filed a complaint seeking a declaratory

judgment that it was not obligated to pay death benefits under a term life insurance

policy because that policy had been converted to a universal life insurance policy and

death benefits were paid under that policy. The district court granted summary

judgment to Fidelity & Guaranty. Patricia Litchfield, the widow of the insured, Lee

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Litchfield, and Lonnie William Litchfield, the owner and beneficiary of the policies and the brother of Lee, appeal from the grant of summary judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In 1998, Fidelity & Guaranty issued a $1,000,000 term life insurance policy to Lonnie insuring Lee's life. The policy provided, in part, that it would terminate if it was exchanged for a new policy on the insured's life.

In 2011, Lonnie and Lee completed a policy change application to convert the term life insurance policy to a universal life insurance policy. Fidelity & Guaranty approved the change application and issued a universal life insurance policy to Lonnie, insuring Lee's life for $1,000,000. Fidelity & Guaranty sent Lonnie a letter telling him that the term life insurance policy had been terminated and that all benefits previously provided were null and void.

Despite the conversion and termination of the term life insurance policy, Fidelity & Guaranty's offshore processor did not make an entry in its computer system to reflect the termination. So premium notices for the term life insurance policy were automatically generated and continued to be sent. Premium notices were also sent for the universal life insurance policy. Lonnie paid the premiums for both policies, and Fidelity & Guaranty kept the payments. During the time Lonnie was making both sets of payments, a Fidelity & Guaranty customer service representative, who consulted Fidelity & Guaranty's computer system, informed Lonnie that the term life insurance policy was in effect.

Lee died in July 2013, eighteen months after the conversion of the term life insurance policy to the universal life insurance policy. Lonnie contacted Fidelity & Guaranty and made a claim for death benefits under both policies. In reviewing the claim, Fidelity & Guaranty realized that although the term life insurance policy had terminated, its system indicated that it was still in effect, and it had mistakenly sent payment notices and accepted payments on the term life insurance policy. Fidelity & Guaranty refunded, with interest, the premiums paid on the term life insurance policy for the prior eighteen months. It also paid Lonnie the $1,000,000 death benefit, with interest, under the universal life insurance policy.

Lonnie and Patricia demanded in writing that Fidelity & Guaranty pay the death benefit under the term life insurance policy. Fidelity & Guaranty filed this suit seeking a declaration that it has no obligation to pay a death benefit under the term life insurance policy. Fidelity & Guaranty moved for summary judgment. Patricia and Lonnie argued that Fidelity & Guaranty should be estopped from denying coverage under the term life insurance policy and that Fidelity & Guaranty waived an argument that it terminated the term life insurance policy. Also, they asserted counterclaims for breach of contract and bad faith by Fidelity & Guaranty.

The district court granted summary judgment, determining that Fidelity & Guaranty converted the term life insurance policy to a universal life insurance policy at Lonnie's request, only the universal life insurance policy was in effect at the time of Lee's death, equitable estoppel does not apply because Fidelity & Guaranty's

off-shore processors made an administrative mistake, and that unintentional mistake could not result in a waiver.[1]  Consequently, the court declared that Fidelity & Guaranty did not owe Lonnie and Patricia an additional $1,000,000 under the term life insurance policy.  In addition, the court rejected their counterclaims for breach of contract for failing to pay the death benefit under the term life insurance policy and for bad faith deprivation of benefits under that policy.

Patricia and Lonnie argue that the district court erred in granting summary judgment in favor of Fidelity & Guaranty because (1) Fidelity & Guaranty's mistake did not relieve it from its duty to pay the term life insurance policy death benefit or from the applicability of waiver and estoppel; and (2) the reasonable-expectations doctrine along with the parties' intent support modification and reinstatement of the term life insurance policy.  "We review [the] grant of summary judgment *de novo*, applying the same standard as the district court."  *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1246 (10th Cir. 2010) (internal quotation marks omitted).  Under Federal Rule of Civil Procedure 56(a), the court properly "grant[ed] summary judgment if [Fidelity & Guaranty] show[ed] that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."  We consider the record and its inferences in the light most favorable to Patricia and Lonnie.  *See Oldenkamp*, 619 F.3d at 1246.

---

[1]     The district court also denied Patricia's and Lonnie's motion for partial summary judgment.

After considering the parties' briefs, appellants' appendix, and the relevant law, in accordance with the above summary-judgment standard of review, we agree with the district court's disposition of the case and conclude that there are no genuine issues of material fact and that Fidelity & Guaranty is entitled to judgment as a matter of law. Accordingly, we affirm the court for substantially the same reasons set forth in the court's order of June 19, 2014. *See* Aplt. App., Vol. II, at 771-81.

The judgment of the district court is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge

- 5 -